812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Chris A. OREKYEH, Appellant.
 No. 85-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided Feb. 6, 1987.
 
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 Benjamin A. Neil, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Charles P. Scheeler, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Chris A. Orekyeh was convicted for conspiracy to distribute heroin and for the distribution of heroin. Orekyeh appeals his conviction on two evidentiary grounds. First, Orekyeh alleges that a witness should not have been allowed to read the entries of Orekyeh's passport to the court. Second, Orekyeh alleges that a triple beam scale found in his apartment was erroneously admitted into evidence. Both of Orekyeh's claims lack merit, and Orekyeh's conviction is affirmed.
 
 
 2
 It was entirely proper for the DEA agent who seized Orekyeh's passport to read it aloud to the court. Orekyeh's passport had been admitted into evidence without objection. Once an item is "accepted into evidence, if it is a writing, it may be read to the jury ... by the witness." See E. Cleary, McCormick on Evidence 123 (3d ed. 1984). Orekyeh contends that Fed.R.Evid. 602 requires that the DEA agent have personal knowledge of any matter to which he testifies. As a properly admitted piece of evidence, the passport was appropriately read to the judge or jury. Rule 602 does not require that the DEA agent have personal knowledge of Orekyeh's travels. Furthermore, Orekyeh's claim that the DEA agent could not read the entries aloud until he had been qualified as a expert on passports is simply unfounded.
 
 
 3
 Orekyeh claims, in addition, that a triple beam scale was erroneously admitted into evidence because the witness through whom the scale was admitted lacked personal knowledge of the matter. See Fed.R.Evid. 602. Orekyeh states that the witness indicated her lack of personal knowledge when she testified, "I believe this was recovered by Agent Beaver in the credenza of the dining room." While Rule 602 demands that a witness testify only to matters about which the witness has had first hand observation, the Rule is not so impractical as to insist upon preciseness of attention or certainty of recollection. See E. Cleary, supra, at 24-25 & n. 11. "Accordingly, when a witness uses such expressions as 'I think,' 'My impression is,' or 'In my opinion,' this will be no ground of objection if it appears that he merely speaks from an inattentive observation, or an unsure memory...." Id. (citing Myrtle Beach Air Force Base Federal Credit Union v. Cumis Insurance Society, 681 F.2d 930 (4th Cir.1982) (witness' knowledge need not be positive; court must find witness could not have actually perceived or observed). The testifying witness, special agent Martin-Weiss, was involved in the apartment search that uncovered the scale, and we think she met the requirements of Rule 602.
 
 
 4
 Both of Orekyeh's claims are without merit. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 5
 AFFIRMED.